**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

37-19 REALTY INC, WING FUNG CHAU INDIVIDUALLY

AND on behalf of all of the shareholders  of 37-19 Realty

and on behalf of 37-19 REALTY, INC.

          Plaintiffs,

-against-                                                                  Civil Action No.:


                                                   **COMPLAINT**

Gloryland Development, LLC,
<u>Jun Xu a/k/a John Xu,</u>                   JURY TRIAL REQUESTED
62-08 Fund LP,
62-08 Fund LP II,
NY EB-5 Express LLC,
8TH AVE CENTER, LLC
JIC CAPITAL, LLC,
 Ideal Capital LLC
62-08 REALTY, LLC

          Defendants.
_____X

     Plaintiff WING FUNG CHAU ("Plaintiff Chau"), individually  on behalf of all of shareholders  and  on  behalf  of  37-19  REALTY,  INC,  37-19  Realty,  Inc., ("Plaintiff 37-19"), by and through their attorneys, Law Office of Wood, Wang & Associates, PLLC, allege  the  following  complaint  against  the  Defendants Gloryland Development, LLC, ("Defendant GD", or "Defendant 1"), Jun Xu a/k/a John Xu, ("Defendant Xu" or "Defendant 2"), 62-08 Fund LP, ("Defendant LP I" or "Defendant 3"), 62-08 Fund LP II, ("Defendant LP II" or "Defendant 4"), NY EB-5  Express  LLC,  ("Defendant  Express"  or  "Defendant  5"),  8 TH  AVE

CENTER, LLC, ("Defendant Center" or "Defendant 6"), JIC Capital, LLC, ("Defendant JIC" or "Defendant 7"), Ideal Capital LLC, ( "Defendant Ideal" or Defendant 8"),  62-08 Realty, LLC ("Defendant 62-08" or "Defendant 9").

## NATURE OF THE ACTION

1. In the context of this action, plaintiffs seek a final judgment declaring Defendant 1-8 in violation of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), declaring void for Defendant GD' 10% shares in the Defendant 62-08, ordering Defendant GD to return the above 10% shares back to the  original seller Plaintiff 37-19 and/or its shareholders which sold their shares in Defendant 62-08 to Defendant GD  because Defendants 1-8 misused EB-5 investors' fund in violation of the Exchange Act by misrepresenting the material facts to *fraudulently induce* Plaintiff 37-19 to sell its shares in Defendant 62-08 to Defendant GD and issuing the Temporary Restraining Order to enjoin any and all defendants from taking any acts related to the above 10% shares pending this case to be decided by this Court.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' claims under the Securities Exchange Act of 1934, as amended (the "Exchange Act") pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. The Venue is proper in this district pursuant to 28 U.S.C. §1391 because the shares in dispute are related to a property located in this district and all parties reside in this district for all venue purposes.

## PARTIES OF THIS CASE

4. Plaintiff Chau is a resident of Queens County, State of New York.

5. At all times mentioned, Plaintiff Chau was and continues to be a shareholder and an officer for Plaintiff 37-19 and acts on behalf of all of shareholders of Plaintiff 37-19.

6. Plaintiff 37-19 is a New York corporation with its business office in Queens County, authorized to conduct business in the State of New York.

7. Upon information and belief, Defendant Defendant LP I  conducts business in New York.

8. Upon information and belief, Defendant Defendant LP II  conducts business in New York.

9. Upon information and belief, Defendant Defendant Express is an EB-5 regional center approved by the United States Department of Homeland Security, U.S. Citizenship and Immigration Services (the "USCIS").

10. Upon information and belief, Defendant Express conducts business in New York.

11.Upon information and belief, Defendant GD is a New York LLC conducts business in New York.

12. Upon information and belief, Defendant Center is a New York LLC authorized to do business in New York.

13. Upon information and belief, Defendant Defendant JIC is a New York LLC authorized to do business in New York.

14. Upon information and belief, Defendant Defendant Ideal is a New York LLC authorized to do business in New York.

15. Upon information and belief, Defendant Xu conducts business in New York and California.

16. Upon information and belief, Defendant Xu owns, manages, operates, and controls Defendants 1, 3, 4, 5, 6, 7, 8.

17. Upon information and belief, Defendant 62-08 is a New York LLC authorized to do business in New York.

18. At all times mentioned, Defendant 62-08 and Plaintiff 37-19 are and continue to be the owners of the real properties located at 6200 8th Avenue, Brooklyn, NY, 11220, ("Project").

## STATEMENTS OF FACTS

19. In or about April of 2014, Defendant Xu approached the Plaintiffs and the Plaintiffs' principals, representing himself as the owner of the EB-5 regional centers. Defendant Xu represented that the Plaintiffs' Project is eligible for such

EB-5 program and desired to use the Project as the program for his EB-5 regional

centers.Defendant Xu claimed that he could use the regional center to recruit and

attract EB-5 investors for the Project and to raise funds for financing the Project.

20. EB-5 is a program designed and permitted by the USCIS to allow foreigners to

invest $500,000.00 into certain qualified projects that qualify under the criteria set

forth in the EB-5 program. The criteria require the project to generate sufficient job

opportunities, among other criteria.

21. Defendant Xu represented that the Plaintiffs' Project is eligible for such an

EB-5 program and desired to use the Project as the program for his EB-5 regional

centers.

22. Defendant Xu further represented to the Plaintiffs that he has various

companies that will handle various functions of the EB-5 programs and financing.

23. Based upon the representations of the Defendants, Plaintiffs and Defendant Xu

on behalf of his entities entered into various agreements with the Defendants

allowing them to use the Project as an affiliated project to their EB-5 regional

centers in consideration of them loaning all funds raised by them through EB-5

programs into the Project.

24. On or about May 18, 2014, Defendant Xu met with Plaintiff Chau and another

shareholder Ai Yun Chen of Plaintiff 37-19, and reached the following agreement:

a. Utilize EB-5 immigration funding, targeting an amount of $80 million to $120 million USD.

b. Capital allocation:  loans to Defendant 62-08 Realty, LLC and Plaintiff 37-19 for project development.

c. Defendant Xu invests $5 million in GH to acquire 10% equity in Defendant 62-08 from Plaintiff 37-19

d. GH becomes a stakeholder of 62-08 Realty, LLC with 10% equity.

e. Set up an escrow EB-5 bank account under Defendant 62-08 with a maximum of $80 million for the project. Signing authority for checks to be jointly managed by Plaintiff Chau and Defendant Xu.

f. Set up an independent EB-5 bank account to handle extra EB-5 payments:

   f1: Refund guarantees for failed investor investments,

   f2: Financing costs,

   f3: Marketing and promotion expenses ($5 million initial expense).

25. After Plaintiff 37-19 sold the 10% shares in the Defendant 62-08 to Defendant GD, Plaintiff 37-19 and Defendant 62-08 took title to the property ("property") known as 6208 8th Avenue, Brooklyn, 11220 New York (Block 5794 Lot 75) on May 21, 2014. Plaintiff 37-19 owns 25% of the property and Defendant 62-08 owns 75% as tenants in common.

26. Upon information and belief, Defendant GD paid 3.8 Million to Plaintiff 37-19 as consideration to purchase the 10% shares.

27. Defendant Xu misrepresented that the Defendant GD spent his own legitimate fund to purchase the 10% share of Defendant 62-08 but actually such fund is from EB-5 investors. Such material information was never disclosed to the Plaintiffs.If such material information was disclosed to plaintiffs, plaintiffs will not agree to such sale of 10% shares to Defendant GD because EB-5 fund is sold for creating jobs but purchasing the 10% of Defendant 62-08 is not for creating jobs but for Defendant Xu' personal gain by misusing the Eb-5 fund.

28. Upon information and belief, Defendants 1-7 raised over $80,000,000.00 through EB-5 programs and through the Plaintiffs' Project.

29. However, the Defendants failed to invest all such $80,000,000.00 into the Plaintiffs' Project except a mere approximately $3,000,000.00.

30. Defendants failed and/or refused to perform their obligations by misrepresenting that they only raised such little amount of funds.

31. When Defendants made the misrepresentations that they would utilize Plaintiffs' Project as an affiliated project for their EB-5 regional centers to raise funds for the Project and would loan all the raised funds into the Project, Defendants had no intention of fulfilling such representations.

7

32. When Defendants made the representations that they would utilize Plaintiffs' Project as an affiliated project for their EB-5 regional centers to raise funds for the Project and would loan all the raised funds into the Project, Defendants knew that such representations were false.

33. When Defendants made the representation that they would utilize Plaintiffs' Project as an affiliated project for their EB-5 regional centers to raise funds for the Project and would loan all the raised funds into the Project, Defendants knew that the Plaintiffs would  rely upon such representations.

34. Plaintiffs did rely upon such representations of the Defendants and therefore entered into agreements with the Defendants to sell their 10% shares to Defendant GD.

35. Due to Defendants' fraudulent inducement, Plaintiffs sold their legitimate 10% shares in the Defendant 62-08 but received payment from Defendants misusing EB-5 Fund for Defendant Xu' personal gain.

36. By using the EB-5 programs, the Defendants represented to EB-5 Investors that they would use all the funds to invest into the Plaintiffs' Project which has been approved by the USCIS as an eligible project under the EB-5 programs.

37. When making such representations to the EB-5 Investors and the Plaintiff, the Defendants knew the Plaintiffs and EB-5 Investors would detrimentally rely upon such representations of the Defendants.

38. Plaintiffs and EB-5 Investors did detrimentally rely upon such representations of the Defendants.

39. However, after receiving the investment from EB-5 investors, the Defendants failed and refused to invest such funds into the Plaintiffs' Project by hiding fund information to Plaintiffs

40. By failing and refusing to invest the EB-5 Investors' funds into the Plaintiffs' Project, the Defendants committed fraud not only against the EB-5 Investors but also against the Plaintiffs and Defendant 62-08 in violation of Exchange Act, as amended.

41. By failing and refusing to invest the EB-5 Investors' funds into the Plaintiffs' Project, the Defendants further committed fraud against the USCIS and Security law subjected the Plaintiffs to liability and costs to refund the payment from Defendant who misused EB-5 funds.

42. All the funds invested by the EB-5 Investors are funds entrusted to the Defendants for the sole purpose of investing in the Plaintiffs and their projects.

43. Defendants have misused and embezzled such trust funds to at least partially purchase Plaintiffs' 10% shares in Defendant 62-08 for Defendant Xu' personal gain.

44. Upon information and belief, the Defendants used, transferred, hid, and secreted all the trust funds invested by EB-5 Investors for personal gain and benefit not for creating the jobs for American people.

45. During the process of its use, transfer, hiding, and secreting of the EB-5 funds that Defendant received from EB-5 investors for this project, Defendants transferred these funds to individuals and legal entities for the sole purpose of Defendant Xu and other entities under his controls to his personal gain and benifit.

46. Defendants have failed and refused to invest such $80,000,000.00 funds and Defendants will be unjustly enriched if they are permitted to keep 10% shares of Defendant 62-8.

47. The enrichment was at the Plaintiffs' expense. The circumstances are such that equity and good conscience require the Defendant to make restitution and return the 10% shares in Defendant 62-08 to Plaintiffs.

## AS AND FOR A FIRST CAUSE OF ACTION

### *(Violation of Relevant SEC Regulations Against Defendant 1-8 )*

48. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if fully set forth at length herein.

49. Upon information and belief, the Defendants (a) made false or misleading statements in placement memorandum, subscription agreements, advertisements,

and sales brochures in violation of Section 10(b)-5 of the Securities Exchange Act of 1934, as amended (the "Exchange Act");

50. Upon information and belief, the Defendants (b) engaged in theft or misuse of investor funds in violation of Section 17(a) of the Securities Act of 1933, as amended.

51. Upon information and belief, all of the misused funds should be returned to the EB-5 investors if these fund can not be used to create jobs for American workers.

52. Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholder.

## AS AND FOR A SECOND CAUSE OF ACTION

### *(FRAUD against Defendants 1-8)*

53. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if fully set forth at length herein.

54. Upon information and belief, Defendants committed "fraud" in the form of embezzlement, misuse of EB-5 Fund, securities violations, and investment schemes, and it will result in any and all of the misused funds being returned to the EB-5 investors, including the fund that Defendant misused to purchase the 10% shares of 62-08 Realty from 37-19 Realty.

11

55. Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholder.

## AS AND FOR A THIRD CAUSE OF ACTION

*(Misrepresentation against Defendants 1-8)*

56. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if fully set forth at length herein.

57. Upon information and belief, Defendant Gloryland misrepresented the material facts that it had legitimate funds to purchase the 10% shares of 62-08 Realty from 37-19 Realty.

58. Upon information and belief, Defendant GD did not have such legitimate funds to purchase the shares and misrepresented the material facts to Plaintiffs that it had legitimate funds. When the funds have to be fully refunded, the misused funds that were received from the Plaintiffs should be returned to the EB-5 investors, which would cause harm to the Plaintiffs.

59. Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholder.

12

## AS AND FOR A FOURTH CAUSE OF ACTION

### *(Fraudulent Inducement against Defendant 1-8)*

60. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if fully set forth at length herein.

61. Upon information and belief, Defendant GD intentionally misled the Plaintiffs into entering an agreement to sell shares, resulting in harm to the Plaintiffs. Defendant GD represented that it had legitimate funds as a material fact but such representation was false. Defendant GD knew that the representation was misleading but made it to induce the Plaintiffs to rely on it. The Plaintiffs relied on such false representation of the Defendants, unaware of its falsity which suffered harm as a result, as the misused funds should be returned to the EB-5 investors.

62.Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholder.

63.Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholders.

## AS AND FOR A FIFTH CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Defendant 1-8)**

**64.** Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if fully set forth at length herein.

65. Upon information and belief, Defendant Xu misrepresented that he would invest $5 million in legitimate funds to establish Defendant GH; however, he never fulfilled this promise. Instead, he chose to misuse and embezzle funds from EB-5 investors to purchase the Plaintiffs' shares for his personal gain, which were intended to create jobs.

66. When Defendants 1-6 violated the Securities Act, all misused funds should be refunded to the EB-5 investors immediately, including but not limited to the funds that were used to purchase shares from Plaintiffs 37-19.

67. Defendant Xu, along with Defendant GH and Defendant GD, acted in bad faith and failed to engage in fair dealings, thereby putting the Plaintiffs at risk by misusing EB-5 funds to purchase the Plaintiffs' shares. Moreover, they broke their promise to bring in $80 million with expectations of a $12 million investment at a lower cost, instead only providing a $3 million investment with a high-cost structure.

68. What the Defendants did is extremely unfair to the Plaintiffs, as the Plaintiffs' project is now seeking alternative options to proceed due to the absence of funds—specifically, there are no substantial funds available to invest in the Plaintiffs' project. Meanwhile, Defendant Xu has personally benefited under the

name of Defendant GD from purchasing the Plaintiffs' shares in Defendant 62-08. The Plaintiffs, on the other hand, received nothing and now face a significant risk of having to return the funds they initially received, which were derived from the misused funds managed by Defendant Xu and Defendant GD.

69. Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholder.

### AS AND FOR A SIXTH CAUSE OF ACTION

### (Unjust Enrichment against all Defendants 1-8)

70. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if they were fully set forth at length herein.

71. Plaintiff 37-19 seeks the return of the shares it sold to Defendant GD, as Defendants 1-8 have unfairly benefited from the Plaintiffs' losses. Although there is no formal contract between the parties, the Plaintiffs fulfilled their obligation to sell their shares, while Defendant Xu and Defendants 1-8 failed to meet their commitment to invest at least $80 million, instead providing only $3 million. It would constitute unjust enrichment for Defendant GD to retain the shares of Defendant 62-08 for Defendant Xu's personal gain, especially given that they misused EB-5 funds in violation of securities law. Allowing Defendant GD to

keep the shares would be against equity and good conscience, as the Defendants are profiting at the expense of the Plaintiffs' losses or injuries in the commercial transaction for share purchase.

72. By keeping or diverting the $80,000,000.00 in trust funds from the Plaintiffs, the Defendants have unjustly conferred benefits upon themselves to which they are not entitled. The EB-5 investors' money should have been used to invest in the Plaintiffs and the Project, rather than for the personal gains of the Defendants.

73. Defendants have failed and refused to invest in Plaintiffs such $80,000,000.00 trust funds and Defendants will be unjustly enriched if they are permitted to keep said funds.

74. The enrichment was at the Plaintiffs' expense. The circumstances are such that equity and good conscience require the Defendant to make restitution.

75. Plaintiffs pray for a judgment declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD and ordering Defendant GD to return the above 10% shares back to the Plaintiff 37-10 and its shareholder.

## AS AND FOR A SEVENTH CAUSE OF ACTION

**(a Temporary Restraining Order against Defendant 1-9 pending the litigation)**

76. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-47 as if they were fully set forth at length herein.

16

77. Since Defendants 1-7 misused the Eb-5 fund by fraud and misrepresentation, Plaintiffs respectfully ask this Court to issue a Temporary Restraining Order enjoining any and all of Defendants or their employees or agents on their behalf from taking any acts related to 10% shares held by Defendant GD in Defendant 62-08.

**WHEREFORE,** the Plaintiffs respectfully request judgment in its favor as stated in each and every cause of action:

1) determining Defendants 1-7 to be in violation of in violation of the Securities Exchange Act of 1934, as amended;

2) declaring the purchasing of the 10% shares of Defendant 62-08 from Plaintiff 37-19 and its shareholders void and null against Defendant GD

3) ordering Defendant GD to return its purchased 10% shares in Defendant 62-08 back to the Plaintiff 37-19 and its shareholders.

4). issuing a Temporary Restraining Order enjoining all of Defendants, their employees or agents on their behalf from taking any acts related to the Defendant GD' 10% in the Defendant 62-08 pending this case to be decided by this Court;

5)award Plaintiffs all attorney' fees, costs;

6). such other and further relief as the Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 2, 2025
Queens, New York

*Respectfully Submitted*,
<u>/s/Kevin S. Wang</u>
Kevin S. Wang Esq.
WOOD, WANG & ASSOCIATES, PLLC
33-70 Prince St, Suite 703,
Flushing, NY, 11354
Tel: 347-851-7989
kwang@operr.com
Attorneys for Defendants