UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
WING88 REALTY LLC,
WING FUNG CHAU AKA ANDY CHAU,
XIU QIN SHI, INDIVIDUALLY AND
ON BEHALF OF WING88 REALTY LLC AS MEMBERS,

                *Plaintiffs,*                Civil Action No.:25-CV-00035-BMC

 -against-

                                                    **AMENDED COMPLAINT**

Gloryland Development, LLC,                    JURY TRIAL REQUESTED
Jun Xu a/k/a John Xu,
62-08 Fund LP,
62-08 Fund LP II,
NY EB-5 Express LLC AKA NY EB-5 EXPRESS
8TH AVE CENTER, LLC
JIC CAPITAL, LLC,
Ideal Capital LLC
62-08 REALTY, LLC

                *Defendants.*
_____X

      Plaintiffs, WING88 REALTY LLC, Wing Fung Chau AKA Andy Chau and Xiu Qin Shi, individually and on behalf of Wing88 Realty LLC as members in charge of its winding up its business or affairs, ("Plaintiffs"), by and through the undersigned Counsel, Law Office of Wood, Wang & Associates, PLLC, allege the following complaint against the Defendants Gloryland Development, LLC, ("Defendant GD", or "Defendant 1"), Jun Xu a/k/a John Xu, ("Defendant Xu" or "Defendant 2"), 62-08 Fund LP, ("Defendant LP I" or "Defendant 3"), 62-08 Fund LP II, ("Defendant LP II" or "Defendant 4"), NY EB-5 Express LLC, ("Defendant Express" or "Defendant 5"), 8TH AVE CENTER, LLC, ("Defendant Center" or "Defendant 6"), JIC Capital,

1

LLC, ("Defendant JIC" or "Defendant 7"), Ideal Capital LLC, ("Defendant Ideal" or "Defendant 8"), 62-08 Realty, LLC ("Defendant 62-08" or "Defendant 9").

## NATURE OF THE ACTION

1. In the context of this action, plaintiffs seek a final judgment declaring Defendants 1-8 in violation of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), declaring void for Defendant GD' 8.6667% shares or membership interest in the Defendant 62-08, ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiffs who sold its shares or membership interest in Defendant 62-08 to Defendant GD because Defendants 1-8 misused EB-5 investors' fund in violation of the Exchange Act by misrepresenting the material facts to fraudulently induce Plaintiffs to sell its shares or membership interest in Defendant 62-08 to Defendant GD and issuing the Temporary Restraining Order to enjoin any and all defendants from taking any further acts related to the above 8.6667% shares or membership interest pending this case to be decided by this Court.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' claims under the Securities Exchange Act of 1934, as amended (the "Exchange Act") pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. The Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omission giving rise to the claim occurred in this district.

## PARTIES OF THIS CASE

4. Plaintiff WING88 REALTY LLC, ("Plaintiff Wing88"), was a business entity doing business in Queens County, State of New York, and was voluntarily dissolved on October 27, 2023.

5. Plaintiff Wing Fung Chau AKA Andy Chau, ("Plaintiff Chau") is a resident of Queens County, State of New York, and is one of the members of Plaintiff Wing88 in charge of winding up its business or affairs.

6. Plaintiff Xiu Qin Shi ("Plaintiff Shi") is a resident of Queens County, State of New York, and is one of the members of Plaintiff Wing88 in charge of winding up its business or affairs.

7. Both Plaintiff Chau and Plaintiff Shi as members are in charge of Winding up Plaintiff Wing 88' business or affairs on behalf of Plaintiff Wing88 to prosecute and Defend suits since it was voluntarily dissolved.

8. Upon information and belief, Defendant LP I conducts business in New York.

9. Upon information and belief, Defendant LP II conducts business in New York.

10. Upon information and belief, Defendant Express is an EB-5 regional center approved by the United States Department of Homeland Security, U.S. Citizenship and Immigration Services (the "USCIS").

11. Upon information and belief, Defendant Express conducts business in New York.

12. Upon information and belief, Defendant GD is a New York LLC that conducts business in New York.

13. Upon information and belief, Defendant Center is a New York LLC authorized to do business in New York.

14. Upon information and belief, Defendant JIC is a New York LLC authorized to do business in New York.

15. Upon information and belief, Defendant Ideal is a New York LLC authorized to do business in New York.

16. Upon information and belief, Defendant Xu conducts business in New York and California.

17. Upon information and belief, Defendant Xu owns, manages, operates, and controls Defendants 1, 3, 4, 5, 6, 7, and 8 through the EB-5 program to raise the fund.

18. Upon information and belief, Defendant 62-08 is a New York LLC authorized to do business in New York.

19. Upon information and belief, Defendant 62-08 at least partially owns the real properties located at 6200 8th Avenue, Brooklyn, NY, 11220, (the "Project").

**STATEMENTS OF FACTS**

20. In or about April of 2014, Defendant Xu approached Plaintiff Chau, representing himself as the owner of Defendant Express. Defendant Xu represented that the Project is eligible for the EB-5 program and desired to use the Project to participate in the EB-5 program for his EB-5 regional center. Defendant Xu claimed that he could use Defendant Express to recruit and attract EB-5 investors to raise funds for financing the Project.

21. EB-5 is a program designed and permitted by the USCIS to allow foreigners to invest $500,000.00 into certain qualified projects under the criteria set forth in the EB-5 program, which requires a project to at least create sufficient job opportunities for American workers.

22. Defendant Xu represented that the Project is eligible for such an EB-5 program and desired to use the Project as the program for Defendant Express under the control of Defendant Xu.

23. Defendant Xu misrepresented to Plaintiff Chau that he has or will have various companies that will handle various functions of the EB-5 programs and financing.

24. On or about May 18, 2014, Defendant Xu met with Plaintiff Chau, and reached the following agreement:

    a. Utilize EB-5 immigration funding, targeting an amount of $80 million to $120 million USD;

4

 b.  Capital allocation: loans to Defendant 62-08 for project development;

 c.  Defendant Xu invests $5 million to acquire 10% equity in Defendant 62-08;

 d.  Defendant Xu or his affiliated entity becomes a stakeholder of Defendant 62-08 with 10% equity;

 e.  Set up an escrow EB-5 bank account under Defendant 62-08 with a maximum of $80 million for the project;

 f.  Set up an independent EB-5 bank account to handle extra EB-5 payments:

  f1: Refund guarantees for failed investor investments;

  f2: Financing costs;

  f3: Marketing and promotion expenses ($5 million initial expense).

22. Based upon the representations of the Defendants, Plaintiff Chau on behalf of the relevant entities, and Defendant Xu on behalf of his entities entered into various agreements with the Defendants allowing them to use the Projects as an affiliated project to their EB-5 regional centers in consideration of loaning all funds to the Project raised by them through EB-5 programs.

23. Upon information and belief, Defendant GD paid $2.47 million to Plaintiffs.

24. Upon information and belief, Defendant Xu misrepresented that Defendant GD spent his own legitimate fund to purchase the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiff Wing88.

25. Upon information and belief, the above fund $2.47 million was from EB-5 investors. Such material information was never disclosed to the Plaintiffs. If such material information was disclosed to plaintiffs, they would not agree to such sale of 8.6667% shares or membership interest to Defendant GD because the EB-5 fund is for creating jobs; Purchasing the 8.667%

5

shares or membership interest of Defendant 62-08 is not for creating jobs but for Defendant Xu' personal gain by misusing the EB-5 fund.

26. Upon information and belief, Defendant Xu created, controlled, and managed Defendant 1,3,4,5,6,7,8 to raise the EB-5 fund, which was used at least partially to purchase the 8.6667% shares or membership interest from Plaintiff Wing88.

27. Upon information and belief, Defendants 1-8 raised over $80 million through EB-5 programs and through the Plaintiff' Project.

28. However, the Defendants failed to invest all such $80 million into the Plaintiff' Project except a mere approximately $3 million.

29. Upon information and belief, Defendant Xu and his entities failed and/or refused to perform their obligations by misrepresenting that they only raised such a small amount of funds of 3 million.

30. Upon information and belief, when Defendant Xu and his entities made the misrepresentations that they would utilize the Project as an affiliated project for Defendant Express to raise funds for the Project and would loan all the raised funds into the Project, Defendants had no intention of fulfilling such false representations.

31. Upon information and belief, when Defendant Xu made the representation that they would utilize the Project as an affiliated project for Defendant Express to raise funds for the Project and would loan all the raised funds into the Project, Defendant Xu knew that the Plaintiffs would rely upon such representations to sell their shares or membership interest to Defendant GD.

32. Plaintiffs did rely upon such misrepresentations of Defendant Xu and therefore sold its 8.6667% shares or membership interest in Defendant 62-08 to Defendant GD.

6

33. Due to Defendants' fraudulent inducement, Plaintiff sold its legitimate 8.6667% shares or membership interest in Defendant 62-08 but received payment from EB-5 Fund which was misused by Defendant Xu for his personal gain.

34. Upon information and belief, the Defendants misrepresented to EB-5 Investors that they would use all the funds to invest into the Plaintiff' Project to create jobs for the American people which has been approved by the USCIS as an eligible EB-5 project under the EB-5 program.

35. Upon information and belief, when making such representations to the EB-5 Investors and the Plaintiffs, the Defendants knew the Plaintiff and EB-5 Investors would detrimentally rely upon such representations of the Defendants.

36. Upon information and belief, Plaintiffs and EB-5 Investors did detrimentally rely upon such representations of the Defendants.

37. Upon information and belief, by failing and refusing to invest the EB-5 Investors' funds into the Project, the Defendants committed fraud not only against the EB-5 Investors but also against the Plaintiffs in violation of the Exchange Act, as amended.

38. Upon information and belief, by failing and refusing to invest the EB-5 Investors' funds into the committed Project, the Defendants committed fraud against the USCIS and the Security law subjected the Plaintiffs to liability and costs to refund the payment from the Defendants who misused the EB-5 funds.

39. Upon information and belief, all the funds invested by the EB-5 Investors are funds entrusted to the Defendants for the sole purpose of investing in the project.

40. Upon information and belief, the defendants have misused and embezzled such trust funds to at least partially purchase Plaintiff' 8.6667% shares or membership interest in Defendant 62-08 for Defendant Xu' personal gain.

41. Upon information and belief, Defendant Xu by and through Defendants used, transferred, hid, and secreted all the trust funds invested by EB-5 Investors for personal gain and benefit, not for creating the jobs for American people.

42. Upon information and belief, during the process of its use, transfer, hiding, and secreting of the EB-5 funds that Defendant received from EB-5 investors for this project, Defendants transferred these funds to individuals and legal entities for the sole purpose of Defendant Xu and his entities under his controls to his personal gain and benefit.

43. Upon information and belief, Defendants (1-8) have failed and refused to invest such $80 million funds and Defendant GD will be unjustly enriched if Defendant GD is permitted to keep 8.6667% shares or membership interest of Defendant 62-08 that Defendant GD purchased from Plaintiff.

44. Upon information and belief, the unjust enrichment was at the Plaintiffs' expense. The circumstances are such that equity and good conscience require Defendant GD to make restitution and return the 8.6667% shares or membership interest in Defendant 62-08 to Plaintiff Wing 88 or its members Plaintiff Chau and Plaintiff Shi because when the deal for purchasing the shares or membership interest, Plaintiff Chau and Plaintiff Shi were members of Plaintiff Wing 88.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Violation of Relevant SEC Regulations Against Defendant 1-8 )**

45. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if fully set forth at length herein.

46. Upon information and belief, the Defendants (1-8) made false or misleading statements in placement memorandum, subscription agreements, advertisements, and sales brochures in violation of Section 10(b)-5 of the Securities Exchange Act of 1934, as amended (the "Exchange Act");

47. Upon information and belief, the Defendants (1-8) engaged in theft or misuse of investor funds in violation of Section 17(a) of the Securities Act of 1933, as amended.

48. Upon information and belief, all of the misused funds should be returned to the EB-5 investors if these funds can not be used to create jobs for American workers.

49. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiff Wing88 void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing88 or its members Plaintiff Chau and Plaintiff Shi.

## AS AND FOR A SECOND CAUSE OF ACTION
### (FRAUD against Defendants 1-8)

50. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if fully set forth at length herein.

51. Upon information and belief, Defendants committed fraud in the form of embezzlement, misuse of EB-5 Fund, securities violations, and investment schemes, and it will result in any and all of the misused funds being returned to the EB-5 investors, including the fund that Defendant misused to purchase the 8.6667% shares or membership interest of 62-08 Realty from PLaintiff Wing 88.

52. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiffs void and null against Defendant GD and ordering

9

Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing88 or its member Plaintiff Chau and Plaintiff Shi.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Misrepresentation against Defendants 1-8)

53. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if fully set forth at length herein.

54. Upon information and belief, Defendant Xu and the entities that he controlled misrepresented the material facts that it had legitimate funds to purchase the 8.6667% shares or membership interest of Defendant 62-08 Realty from Plaintiff Wing 88.

55. Upon information and belief, Defendant Xu and/or Defendant GD did not have such legitimate funds to purchase the shares or membership interest but misrepresented the material facts to Plaintiff that it had legitimate funds. When the funds have to be fully refunded, the misused funds that were received from the Plaintiffs should be returned to the EB-5 investors, which would cause harm to the Plaintiffs.

56. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiff Wing 88 void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing 88 and/or its members Plaintiff Chau and Plaintiff Shi.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Fraudulent Inducement against Defendant 1-8)

57. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if fully set forth at length herein.

58. Upon information and belief, Defendant Xu and Defendant GD intentionally misled Plaintiff Wing 88 into entering an agreement to sell shares or membership interest in Defendant 62-08, resulting in harm to Plaintiff. Defendant GD represented that it had legitimate funds as

10

a material fact but such representation was false. Defendant Xu and Defendant GD knew that the representation was misleading and false but made it to induce Plaintiffs to rely on it. The Plaintiffs relied on such false representation of the Defendants, unaware of its falsity which suffered harm as a result, as the misused funds should be returned to the EB-5 investors.

59. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiffs void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing 88 and its members Plaintiff Chau and Plaintiff Shi.

60. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiff void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing 88 or its member Plaintiff Chau and Plaintiff Shi.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing  Against Defendant 1-8)**

61. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if fully set forth at length herein.

62. Upon information and belief, Defendant Xu misrepresented that he would invest $5 million in legitimate funds to purchase the Plaintiffs' shares or membership interest for Defendant GD; however, he never fulfilled this promise. Instead, he chose to misuse and embezzle funds from EB-5 investors to purchase the Plaintiffs' shares or membership interest for his personal gain, which these funds were intended to create jobs for the American people.

63. When Defendants 1-8 violated the Securities Act, all misused funds should be refunded to the EB-5 investors immediately, including but not limited to the funds that were used to purchase shares or membership interest from Plaintiff Wing88.

11

64. Defendant Xu, acted in bad faith and failed to engage in fair dealings, hereby putting the Plaintiffs at risk by his misusing EB-5 funds to purchase the Plaintiffs' shares or membership interest in Defendant 62-08. Moreover, Defendant Xu and his entities broke their promise to bring in $80 million with expectations of a $120 million investment at a lower cost, instead only providing a $3 million investment with a high-cost structure.

65. What the Defendants (1-8) did is extremely unfair to the Plaintiffs, as the Project is now seeking alternative options to proceed due to the absence of funds.

66. Meanwhile, Defendant Xu has personally benefited under the name of Defendant GD from purchasing the Plaintiffs' shares or membership interest in Defendant 62-08. The Plaintiffs will keep nothing because they are facing a significant risk of having to return the funds that they initially received, because these funds were from the misused funds mismanaged by Defendants 1-8.

67. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiffs void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to the Plaintiffs.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Unjust Enrichment against all Defendants 1-8)**

68. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if they were fully set forth at length herein.

69. Plaintiffs seek the return of the shares or membership interest it sold to Defendant GD, as Defendants (1-8) have unfairly benefited from Plaintiffs' losses. the Plaintiffs fulfilled their obligation to sell their shares or membership interest, while Defendants 1-8 failed to meet their commitment to invest at least $80 million, instead providing only $3 million. It would

constitute unjust enrichment for Defendant GD to retain the shares or membership interest of Defendant 62-08 for Defendant Xu's personal gain, especially given that they misused EB-5 funds in violation of securities law. Allowing Defendant GD to keep the shares or membership interest would be against equity and good conscience, as the Defendants are profiting at the expense of Plaintiffs' losses or injuries in the commercial transaction for share purchase.

70. By keeping or diverting the $80 million in trust funds from EB-5 investors, Defendant (1-8), especially Defendant Xu and Defendant GD have unjustly conferred benefits upon themselves to which they are not entitled. The EB-5 investors' money should have been used to invest in the Project, rather than for the personal gains of Defendant Xu.

71. Defendants (1-8) have failed and refused to invest such $80 million trust funds and Defendant Xu and Defendant GD will be unjustly enriched if they are permitted to keep said shares and membership interest.

72. The enrichment was at the Plaintiffs' expense. The circumstances are such that equity and good conscience require Defendant Xu and Defendant GD to make restitution.

73. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership of Defendant 62-08 from Plaintiff Wing 88 void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing 88 and/or its members Plaintiff Chau and Plaintiff Shi.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Temporary Restraining Order against Defendant 1-9 pending the litigation)**

74. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1-44 as if they were fully set forth at length herein.

75. Since Defendants 1-8 misused the EB-5 fund by fraud and misrepresentation, Plaintiffs respectfully ask this Court to issue a Temporary Restraining Order enjoining any and all of Defendants or their employees or agents on their behalf from taking any further acts related to 8.6667% shares or membership interest held by Defendant GD in Defendant 62-08.

**WHEREFORE,** the Plaintiffs respectfully request judgment in their favor as stated in each and every cause of action:

1) declaring Defendants 1-8 to be in violation of the Securities Exchange Act of 1934, as amended;

2) declaring the purchasing of the 8.6667% shares or membership of Defendant 62-08 from Plaintiffs as void and null against Defendant GD;

3) ordering Defendant GD to return its purchased 8.6667% shares or membership interest in Defendant 62-08 back to Plaintiff Wing88 or its members Plaintiff Chau and Plaintiff Shi;

4) issuing a Temporary Restraining Order enjoining all of Defendants, their employees or agents, or anyone on their behalf from taking any acts related to the 8.6667% share or membership interest of Defendant 62-08 that Defendant GD purchased from Plaintiff Wing 88 pending this case to be decided by this Court;

5) awarding Plaintiffs for all of their attorneys' fees and other costs; and

6) granting such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 20, 2025
Queens, New York

*Respectfully Submitted,*
/s/Kevin S. Wang
Kevin S. Wang Esq.
WOOD, WANG & ASSOCIATES, PLLC
33-70 Prince St, Suite 703,
Flushing, NY, 11354
Tel: 347-851-7989
kwang@operr.com
*Attorney for Plaintiffs*

## VERIFICATION

I, Xiu Qing Shi, under the pains and penalties of perjury, depose and declare:

I am a member of the Plaintiff Wing 88 Realty, LLC in the within action and I am also one of the members in charge of winding up its business. I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. I hereby swear that the foregoing is true and correct to my best knowledge under penalties of perjury.

3/20/2025
Date

_____
Xiu Qing Shi


State of New York
County of Queens

On this 20th day of March, 2025, before me, the undersigned notary public, personally appeared Xiu Qing Shi, a person known to me to be the person whose name is signed above, and swore or affirmed to me that his/her statements above are truthful and accurate to the best of his/her knowledge and belief.

_____
Signature of Notary Public
Notary Stamp

SHUO ZHANG
Notary Public, State of New York
Reg. No. 01ZH0033113
Qualified in Queens County
Commission Expires 01/23/2029

## VERIFICATION

I, Wing Fung Chau AKA Andy Chau, under the pains and penalties of perjury, depose and declare:

I am a member of the Plaintiff Wing 88 Realty, LLC in the within action and I am also one of the members in charge of winding up its business. I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. I hereby swear that the foregoing is true and correct to my best knowledge under penalties of perjury.

3/20/2025
Date

_____
Wing Fung Chau

State of New York
County of Queens

On this 20th day of March, 2025, before me, the undersigned notary public, personally appeared WING FUNG CHAU, a person known to me to be the person whose name is signed above, and swore or affirmed to me that his/her statements above are truthful and accurate to the best of his/her knowledge and belief.

_____
Signature of Notary Public
Notary Stamp

SHUO ZHANG
Notary Public, State of New York
Reg. No. 01ZH0033113
Qualified in Queens County
Commission Expires 01/23/2029