**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X
WING88 REALTY LLC,
WING FUNG CHAU,
XIU QIN SHI, INDIVIDUALLY AND
ON BEHALF OF WING88 REALTY, LLC AS MEMBERS,

     _Plaintiffs,_       Civil Action No.: 25-CV-00035-BMC

 -against-

              **SECOND AMENDED COMPLAINT**

Gloryland Development, LLC,       JURY TRIAL REQUESTED
Jun Xu a/k/a John Xu,
62-08 Fund LP,
62-08 Fund LP II,
NY EB-5 Express LLC AKA NY EB-5 EXPRESS,
8TH AVE CENTER, LLC,
62-08 REALTY, LLC,
8TH AVENUE MEMBER LLC,
TWRLR TOWER LLC.

     _Defendants._
_____X

   Plaintiffs, WING88 REALTY, LLC, Wing Fung Chau, and Xiu Qin Shi, individually and on

behalf of Wing88 Realty, LLC as members in charge of its winding up its business or affairs,

("Plaintiffs"), by and through the undersigned Counsel, Law Office of Wood, Wang & Associates,

PLLC, allege the following complaint against the Defendants Gloryland Development, LLC,

("Defendant GD", or "Defendant 1"), Jun Xu a/k/a John Xu, ("Defendant Xu" or "Defendant 2"),

62-08 Fund LP, ("Defendant LP I" or "Defendant 3"), 62-08 Fund LP II, ("Defendant LP II" or

"Defendant 4"), NY EB-5 Express LLC, ("Defendant Express" or "Defendant 5"), 8TH AVE

CENTER, LLC, ("Defendant Center" or "Defendant 6"), 62-08 Realty, LLC ("Defendant 62-08"

1

or "Defendant 7"),  Defendant 8th Ave Member LLC, ("Defendant 8th Ave" or "Defendant 8") and

Defendant Twrlr Tower LLC ("Defendant Twrlr" or "Defendant 9")

## NATURE OF THE ACTION

1.  In the context of this action, plaintiffs seek a final judgment declaring null and void for
    Defendant GD' 8.6667% shares or membership interest in the Defendant 62-08 for its
    purchasing from Plaintiff Wing 88 in or about 2014 by Defendants 1-6 committing fraud,
    misrepresentation and fraudulent inducement activities in violation of under the Securities
    Exchange Act of 1934 and the Securities Exchange Act of 1933, as amended (the "Exchange
    Act"); Plaintiffs seeking an order to direct Defendant GD to return the above 8.6667% shares
    or membership interest back to Plaintiff Wing 88 or its agent who sold its shares or membership
    interest in Defendant 62-08 to Defendant GD upon the Court ordering the Defendant Twrlr to
    return at least a portion of the shares or membership which includes at least shares from
    Plaintiff Wing 88 allegedly sold to Defendant GD.

2.  Furthermore, Defendant 8th Ave allegedly purchased Wing88's 12.6061% membership
    interest in the Property Owner Defendant 62-08, which is the equivalent of a 9.4546%
    beneficial ownership in a property located at 6200 8th Avenue, Brooklyn, NY, 11220 (the
    "Property"), in or about June 2022. Plaintiff Chau sold the Plaintiff Wing 88' membership in
    the Defendant 62-08 to Defendant 8th Ave without authorization, it should be declared as null
    and void. Since Defendant 62-08 has further transferred all of its shares or membership interest
    in the Property to Defendant Twrlr by nominal consideration at most $10, which should be
    returned to Plaintiff Wing88 or its agent because it is not a good faith purchaser or transferee.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiffs' claims which involve Federal question(s) at least arising under the Securities Exchange Act of 1934, as amended (the "Exchange Act") pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

4.  The venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES OF THIS CASE

5.  Plaintiff WING88 REALTY LLC ("Plaintiff Wing88") was a business entity doing business in Queens County, State of New York, and was voluntarily dissolved on October 27, 2023.

6.  Plaintiff Wing Fung Chau AKA Andy Chau, ("Plaintiff Chau") is a resident of Queens County, State of New York, and is one of the members of Plaintiff Wing88 in charge of winding up its business or affairs.

7.  Plaintiff Xiu Qin Shi ("Plaintiff Shi") is a resident of Queens County, State of New York, and is another member of Plaintiff Wing88 in charge of winding up its business or affairs.

8.  Both Plaintiff Chau and Plaintiff Shi as members are in charge of winding up Plaintiff Wing88's business or affairs on behalf of Plaintiff Wing88 to prosecute and defend suits since it was voluntarily dissolved.

9.  Upon information and belief, Defendant GD is a New York LLC that conducts business in New York.

10. Upon information and belief, Defendant LP I conducts business in New York.

11. Upon information and belief, Defendant LP II conducts business in New York.

3

12. Upon information and belief, Defendant Express is an EB-5 regional center approved by the United States Department of Homeland Security, U.S. Citizenship and Immigration Services (the "USCIS").

13. Upon information and belief, Defendant Express conducts business in New York.

14. Upon information and belief, Defendant Center is a New York LLC authorized to do business in New York.

15. Upon information and belief, Defendant JIC is a New York LLC authorized to do business in New York.

16. Upon information and belief, Defendant Ideal is a New York LLC authorized to do business in New York.

17. Upon information and belief, Defendant Xu conducts business in New York and California.

18. Upon information and belief, Defendant Xu as the main managing member owns, manages, operates, and controls Defendants 1, 3, 4, 5, and 6 through the EB-5 program to raise funds.

19. Upon information and belief, Defendant 62-08 is a New York LLC authorized to do business in New York.

20. Upon information and belief, Defendant 62-08 at least partially owns the real properties located at 6200 8th Avenue, Brooklyn, NY, 11220, on or before March 14, 2025.

21. Upon information and belief, Defendant 8th Ave is a New York company authorized to do business in New York, with a registration address in New York State at 5308 13th Ave, Ste 324, Brooklyn, NY, 11219.

22. Upon information and belief, Defendant Twrlr is a Delaware limited liability company, is authorized to do business in New York with a registration address at 543 Bedford Ave, #264, Brooklyn, NY 11211, it is allegedly 100% ownership of the Property.

4

**STATEMENTS OF FACTS**

23. Upon information and belief, in or about April of 2014, Defendant Xu approached Plaintiff Chau, representing himself as the owner of Defendant Express. Defendant Xu represented that the Property is eligible for the EB-5 program and desired to use the Property to participate in the EB-5 program as an EB-5 Project (the "Project"), for his EB-5 regional center. Defendant Xu claimed that he could use Defendant Express to recruit and attract EB-5 investors to raise funds for financing the Project.

24. Upon information and belief, EB-5 is a program designed and permitted by the USCIS to allow foreigners to invest $500,000.00 into certain qualified projects under the criteria set forth in the EB-5 program, which requires a project to create at least sufficient job opportunities for American workers.

25. Upon information and belief, Defendant Xu represented that the Property is eligible for such an EB-5 program and desired to use the Project as the program for Defendant Express under the control of Defendant Xu.

26. Upon information and belief, Defendant Xu represented to Plaintiff Chau that he has or will have various companies that will handle various functions of the EB-5 programs and financing for the Property and Project.

27. Upon information and belief, on or about May 18, 2014, Defendant Xu met with Plaintiff Chau and reached at least the following agreement:

   a. Utilize EB-5 immigration funding, targeting an amount of $80 million to $120 million USD;

   b. Capital allocation: loans to Defendant 62-08 for project development;

   c. Defendant Xu invests $5 million to acquire 10% equity in Defendant 62-08;

    d.  Defendant Xu or his affiliated entity becomes a stakeholder of Defendant 62-08 with 10% equity.

28. Upon information and belief, based upon the representations of the Defendants, Plaintiff Chau on behalf of the relevant entities, and Defendant Xu on behalf of his entities entered into various agreements with the Defendants allowing them to use the Project as an affiliated project to their EB-5 regional center in consideration of loaning all funds to the Project to raised by them through EB-5 programs.

29. Upon information and belief, Defendant GD paid about $2.47 million to Plaintiff Wing88 and Defendant Xu misrepresented that Defendant GD spent its own legitimate funds to purchase the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiff Wing88.

30. Upon information and belief, the above fund of $2.47 million was from EB-5 investors. Such material information was never disclosed to the Plaintiffs. If such material information was disclosed to plaintiff Wing88 or Plaintiff Chau, they would not agree to such sale of 8.6667% shares or membership interest to Defendant GD because the EB-5 fund is for creating jobs not for personal interest to Defendant Xu; Purchasing the 8.667% shares or membership interest of Defendant 62-08 is not for creating jobs but for Defendant Xu' personal gain by misusing the EB-5 fund.

31. Upon information and belief, Defendant Xu created, controlled, and managed Defendant 1,3,4,5 and 6 to raise the EB-5 fund, which was used at least partially to purchase the 8.6667% shares or membership interest from Plaintiff Wing88 by misusing the EB-5 Fund.

32. Upon information and belief, Defendants 1-6 raised over $80 million through EB-5 programs and through the Project.

6

33. However, the Defendants failed to invest all such $80 million into the Plaintiff' Project except a mere approximately $3 million.

34. Upon information and belief, Defendant Xu and his entities failed and/or refused to perform their obligations by misrepresenting that they only raised such a small amount of funds of 3 million.

35. Upon information and belief, when Defendant Xu and his entities made the misrepresentations that they would utilize the Project as an affiliated project for Defendant Express to raise funds for the Project and would loan all the raised funds into the Project, Defendants had no intention of fulfilling such false representations.

36. Upon information and belief, when Defendant Xu made the representation that they would utilize the Project as an affiliated project for Defendant Express to raise funds for the Project and would loan all the raised funds into the Project, Defendant Xu knew that the Plaintiffs would rely upon such representations to sell their shares or membership interest to Defendant GD.

37. Plaintiffs did rely upon such misrepresentations of Defendant Xu and therefore sold their 8.6667% shares or membership interest in Defendant 62-08 to Defendant GD.

38. Due to the Defendants' fraudulent inducement, Plaintiff sold its legitimate 8.6667% shares or membership interest in Defendant 62-08 but received payment from EB-5 Fund which was misused by Defendant Xu for his personal gain in Defendant GD.

39. Upon information and belief, the Defendants misrepresented to EB-5 Investors that they would use all the funds to invest in the Project to create jobs for the American people which has been approved by the USCIS as an eligible EB-5 project under the EB-5 program.

40. Upon information and belief, when making such representations to the EB-5 Investors and the Plaintiffs, the Defendants 1-6 knew the Plaintiff and EB-5 Investors would detrimentally rely upon such representations of the Defendants.

41. Upon information and belief, Plaintiffs and EB-5 Investors did detrimentally rely upon such misrepresentations of the Defendants 1-6.

42. Upon information and belief, by failing and refusing to invest the EB-5 Investors' funds into the Project, the Defendants committed fraud not only against the EB-5 Investors but also against the Plaintiffs in violation of the Exchange Act, as amended.

43. Upon information and belief, by failing and refusing to invest the EB-5 Investors' funds into the committed Project, the Defendants committed fraud against the USCIS and the Security laws subjected the Plaintiffs to liability and costs to refund the payment from the Defendants who misused the EB-5 funds.

44. Upon information and belief, all the funds invested by the EB-5 Investors are funds entrusted to the Defendants for the sole purpose of investing in the project to create jobs for American workers.

45. Upon information and belief, the Defendants (1-6) made false or misleading statements in placement memorandum, subscription agreements, advertisements, and sales brochures in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-510(b)-5 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), which is clearly committed fraud against USCIS or its EB-5 investors.

46. Upon information and belief, the defendants have misused and embezzled such trust funds to at least partially purchase Plaintiff' 8.6667% shares or membership interest in Defendant 62-

08 for Defendant Xu' personal gain, which was never disclosed to USCIS and EB-5 investors, which are in clearly violation in Security Act, as amended.

47. Upon information and belief, Defendant Xu by and through Defendants 1, 3, 4, 5, 6, used, transferred, hid, and secreted all the trust funds invested by EB-5 Investors for personal gain and benefit, not for creating jobs for American workers.

48. Upon information and belief, Defendants (1-6) have failed and refused to invest such $80 million funds and Defendant GD will be unjustly enriched if Defendant GD is permitted to keep 8.6667% shares or membership interest of Defendant 62-08 that Defendant GD purchased from Plaintiff.

49. Upon information and belief, the unjust enrichment was at the Plaintiffs' expense or cost The circumstances are such that equity and good conscience require Defendant GD to make restitution and return the 8.6667% shares or membership interest in Defendant 62-08 to Plaintiff Wing88 or its members Plaintiff Chau and Plaintiff Shi because when the deal for purchasing the shares or membership interest, Plaintiff Chau and Plaintiff Shi were members of Plaintiff Wing88.

50. Upon information and belief, Plaintiffs has reasonable belief that Defendant 1-6 committed fraud, misrepresented the material facts and fraudulently induced Plaintiffs to sell its 8.6667% membership interest in the Defendant 62-08 in or about January 2024 which is less than 2 years from the original complaint filed on January 2. 2025.

51. Upon information and belief, Defendant 62-08 (the "Property Owner") owns a 75% tenancy-in-common interest in and to the Property located at 6208 8th Avenue, Brooklyn, New York;

9

52. Upon information and belief, Plaintiff Wing88 is a member of the Property Owner and owns a 12.6061% membership interest in the Property Owner (which is the equivalent of a 9.4546% beneficial ownership in the Property) on or before June 28, 2022.

53. Upon information and belief, an Interest Purchase Assignment and Assumption Agreement (the "Agreement'') was allegedly made on June 28, 2022, by and among: Plaintiff Chau and Defendant 8th Avenue. In the Agreement, it provides that Plaintiff Chau allegedly owns 100% of the membership interests in the Plaintiff Wing88 (the "Purchased Interests"), Defendant 8th Avenue allegedly purchased Plaintiff Wing88 and its 12.6061% interest in Defendant 62-08, equating to a 9.4546% beneficial interest in the property with a purchase price of about $4,181,831.23.

54. Upon information and belief, during the purchase price balance stage, Defendant 8th Ave had a holdback of $2,170,000 for lawsuits, and applied a credit of $486,831.23 from a previous contract, with a balance paid at closing of $600,000, but Plaintiff Wing88 did not receive anything upon close of the above transaction.

55. Upon information and belief, Plaintiff Chau is one of the members of Plaintiff Wing88 with a membership interest of 12.98117% in Plaintiff Wing88 at or before the transaction with Defendant 8th Ave on June 28, 2022.

56. Upon information and belief, there are about 10 members with the respective membership interest in Plaintiff Wing88 at or before the transaction with Defendant 8th Avenue on June 28, 2022.

57. Upon information and belief, there is no proper authorization for Plaintiff Chau to represent all of the other members of Plaintiff Wing88 to sell the above Wing88's interest to Defendant 8th Avenue.

58. Upon information and belief, Plaintiff Chau misbelieved the transaction was to sell his own 12.98117% membership interest in the Plaintiff Wing88 to Defendant 62-08, which he failed to seek approval of other members for the transaction to sell the membership in the Defendant 62-08 to Defendant 8th Ave.

59. Upon information and Belief, Defendant 8th Avenue and Defendant 62-08 know or should know that Plaintiff Chau did not have the authorization to sell the Wing88' interest in Defendant 62-08 to Defendant 8th Ave but selected to ignore such the transaction without proper authorization anyway which results in loss and damages to Plaintiff Wing88 and its members.

60. Upon information and belief, in the further transfer agreement on March 14, 2025, it provides, in consideration of $10.00 paid by Defendant Twrlr to the following transferors, it became the owner of an 100% of the Property upon the alleged transfer by Defendant 62-08, 75% of tenancy-in-common interest to the Property, WLGT HOLDINGS LLC, 20% tenancy-in-common interest to the Property, and 8TH AVENUE OWNER LLC, 5% of tenancy-in-common interest to the Property.

61. Upon information and belief, Defendant 8 Ave, Defendant 62-08 and Defendant Twrlr are sharing with a least one same managing member Mr. WOLFE LANDAU in the above three Defendants. Therefore, all of these Defendants know or should know Plaintiff Wing88' shares or membership interest in the Defendant 62-08 are under dispute when it was transferred to Defendant Twrlr, which are all not in good faith for such transfer as transferors or transferee.

62. The original complaint was filed on or about January 2, 2025 which named 62-08 Realty, LLC as co-Defendant. Defendant 62-08 through its counsel and by its managing member Mr. Landau sought settlement without any legitimate purpose without further approval by the

11

Court. While the validation of the settlement from by this Court is pending, Defendant 62-08 transferred all of its interest in the Property to Defendant Twrlr while it knows or should know there is an adverse notice for the Plaintiff Wing' membership interests in the Defendant 62-08 under dispute.

63. Upon information and belief, All members in the Plaintiff Wing88 agreed to initiate the lawsuit against all of Defendants 6-9 to declare the shares or membership interest in Defendant 62-08 purchased by Defendant 8th Ave should be null and void and should be returned to Wing88 or its authorized agent by any and all of Defendants 6-9.

## AS AND FOR A FIRST CAUSE OF ACTION
### (FRAUD against Defendants 1-6)

64. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth at length herein.

65. Upon information and belief, the Defendants (1-6) made false or misleading statements in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-510(b)-5 of the Securities Exchange Act of 1934, as amended (the "Exchange Act");

66. Upon information and belief, the Defendants (1-6) engaged in theft or misuse of investor funds in violation of Section 17(a) of the Securities Act of 1933, as amended, which prohibits fraudulent activities in the offer or sale of securities.

67. Upon information and belief, Defendant Xu misrepresented that he or his entity Defendant GD would invest $5 million from legitimate funds to purchase the Plaintiff Wing88' shares or membership interest for Defendant GD; however, he never fulfilled this promise. Instead, he chose to misuse and embezzle funds from EB-5 investors to purchase the Plaintiffs' shares or membership interest, which were never disclosed to US government agency /USCIS and its

12

EB-5 investors, but such fraud is fully for his personal gain because these funds were intended to create jobs solely for the American workers.

68. When Defendants 1-6 violated the Securities Act, as amended, it constituted fraud, all misused funds should be refunded to the EB-5 investors immediately, including but not limited to the funds that were used to purchase shares or membership interests from Plaintiff Wing88.

69. Defendant Xu acted in bad faith and failed to engage in fair dealings, hereby putting the Plaintiffs at risk by misusing EB-5 funds to purchase the Plaintiffs' shares or membership interest in Defendant 62-08..

70. Meanwhile, Defendant Xu has personally benefited under the name of Defendant GD from purchasing the Plaintiffs' shares or membership interest in Defendant 62-08. The Plaintiffs will keep nothing because they are facing a significant risk of having to return the funds that they initially received, because these funds were from the misused funds mismanaged by Defendants 1-6 by fraud.

71. Upon information and belief, all of the misused funds should be returned to the EB-5 investors if these funds cannot be used to create jobs for American workers.

72. Plaintiffs pray for a judgment declaring the purchasing Plaintiff Wing88's 8.6667% shares or membership interest in Defendant 62-08 by Defendant GD as void and null, and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing88 or its agents upon ordering Defendant Twrlr to return  Defendant 62-08' shares that were transferred not in good faith on March 14, 2025.

### AS AND FOR A SECOND CAUSE OF ACTION
(Misrepresentation against Defendants 1-6)

73. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth at length herein.

74. Upon information and belief, the Defendants (1-6) made false or misleading statements in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-510(b)-5 of the Securities Exchange Act of 1934, as amended (the "Exchange Act");

75. Upon information and belief, the Defendants (1-6) engaged in theft or misuse of investor funds in violation of Section 17(a) of the Securities Act of 1933, as amended, which prohibits fraudulent activities in the offer or sale of securities.

76. Upon information and belief, Defendant Xu and the entities that he controlled misrepresented the material facts that it had legitimate funds to purchase the 8.6667% shares or membership interest of Defendant 62-08 Realty from Plaintiff Wing 88.

77. Upon information and belief, Defendant Xu and/or Defendant GD did not have such legitimate funds to purchase the shares or membership interest but misrepresented the material facts to Plaintiff that it had legitimate funds. When the funds have to be fully refunded, the misused funds that were received from the Plaintiffs should be returned to the EB-5 investors, which would cause harm to the Plaintiffs.

78. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiff Wing 88 void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing 88 and/or its members Plaintiff Chau and Plaintiff Shi upon Defendant Twrlr transferring Defendant 62-08' shares back which was transferred on March 14, 2025.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Fraudulent Inducement against Defendant 1-6)

79. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth at length herein.

14

80. Upon information and belief, the Defendants (1-6) made false or misleading statements in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-510(b)-5 of the Securities Exchange Act of 1934, as amended (the "Exchange Act");

81. Upon information and belief, the Defendants (1-6) engaged in theft or misuse of investor funds in violation of Section 17(a) of the Securities Act of 1933, as amended, which prohibits fraudulent activities in the offer or sale of securities.

82. Upon information and belief, Defendant Xu and Defendant GD intentionally misled Plaintiff Wing88 into entering an agreement to sell shares or membership interests in Defendant 62-08, resulting in harm to Plaintiff. Defendant GD represented that it had legitimate funds as a material fact but such representation was false. Defendant Xu and Defendant GD knew that the representation was misleading and false but made it to induce Plaintiffs to rely on it. The Plaintiffs relied on such false representation of the Defendants, unaware of its falsity which suffered harm as a result, as the misused funds should be returned to the EB-5 investors.

83. Plaintiffs pray for a judgment declaring the purchasing of the 8.6667% shares or membership interest of Defendant 62-08 from Plaintiffs void and null against Defendant GD and ordering Defendant GD to return the above 8.6667% shares or membership interest back to Plaintiff Wing 88 and its members Plaintiff Chau and Plaintiff Shi upon Defendant Twrlr transferring Defendant 62-08' shares back which was transferred on March 14, 2025.

### AS AND FOR A Fourth CAUSE OF ACTION
### Declaration Judgement Against Defendant TWRLR

84. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth at length herein.

85. Regardless that all of the other Defendants are in good faith for transferring their membership interest to Defendant Twrlr, Defendant Twrlr is not and should not be protected as a good faith

purchaser because it paid $10 as a nominal price without making a payment for value to such transfer for holding 100% interest of the Property. Thus, Plaintiffs demand and seek that the Court declare that Defendant Twrlr is not a good faith purchaser or transferee for the transaction to become 100% owner of the Property and such transfer should be declared by this Court as null and void.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Declaration Judgement Against Defendant 8th Ave**

86. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs 1 as if fully set forth at length herein.

87. Defendant 8 Ave is not in good faith because when Defendant 8th Ave knew or should know that Plaintiff Chau did not have the necessary authorization to sell Plaintiff Wing88' interest, and know or should know that Plaintiff Wing88 will claim its interest in the Property by anyone duly authorized for representation, it selected to complete the alleged transaction anyway, which means that Defendant 8th Ave is not in good faith, know and should know Wing88 will claim its interest which constitute an adverse notice or adverse claim against the title or Property; furthermore, it does not pay value to Plaintiff Wing88 because upon the alleged completion of the transaction, there is no any payment to be paid to the Plaintiff Wing88. Therefore, Defendant 8th Ave is not a good-faith purchaser and should not be protected by a good-faith purchaser status. Plaintiffs respectfully seek the Declaration Judgement from this Court against Defendant 8th Ave to declare that Defendant 8th Ave is not a good faith purchaser for its purchased Wing88' interest in the Defendant 62-08 and the Agreement made on June 28, 2022, by and among Plaintiff Chau and Defendant 8th Ave is null and void for lack of authorization and not in good faith.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS 7-9**
**RETURNING THE ALLEGEDLY SOLD INTEREST TO PLAINTIFF WING88**

88. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth at length herein.

89. Both Defendant 8 Ave and Defendant Twrlr are not good faith purchasers and should not be protected by the good faith purchasers' status.

90. Defendant 62-08 knows and should know Plaintiff Wing88' membership in the Defendant 62-08 under dispute, it selected to collude with the Defendant Twrlr to transfer all of membership interest including the disputed membership from Plaintiff Wing 88 to Defendant Twrlr.

91. Plaintiffs respectfully ask this Court to order Defendant Twrlr to transfer its membership interest 9.4546%, which is the equivalent of a 9.4546% beneficial ownership in the Property back to Defendant 62-08 and order Defendant 8th Ave to return 12.6061% membership interest in the Defendant 62-08 to Plaintiff Wing88 or its designated agent which is the equivalent of a 9.4546% beneficial ownership in the Property.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS TWRLR

### UNJUST ENRICHMENT

92. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth at length herein.

93. By reason of the foregoing, the Defendants' wrongful act gave rise to a duty of restitution to return Plaintiff Wing88's 12.6061% membership interest in the Defendant 62-08, which is the equivalent of a 9.4546% beneficial ownership in the Property upon the Defendant Twrlr returning membership to Defendant 62-08.

94. Without restitution, it will incur unjust enrichment to Defendants at the cost and damage suffered by Plaintiff Wing88 and their members.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

### DAMAGES

95. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the foregoing

   paragraphs as if fully set forth at length herein.

96. By reason of the foregoing, the plaintiffs have been damaged  or suffering loss not only

   including the membership that were lost but all incurred the monetary loss  in an amount to

   be determined by the court at trial by any and all Defendants' illegal or illegitimate activities.

97. In addition, all of the Defendants should pay for all of the attorney fees, costs, and expenses

   as part of the Plaintiffs' damages in this case

**WHEREFORE,** the Plaintiffs respectfully request judgment in their favor as stated in each and

every cause of action:

1) issuing a declaratory judgment declaring the alleged sale of Plaintiff Wing 88 Realty,

   LLC's  8.6667% interest in the Defendant 62-08 to Defendant GD is null and void by

   Defendants 1-6 committing fraud, misrepresentation and fraudulent inducement at least in

   violation of the Securities Exchange Act of 1933 and the Securities Exchange Act 1934, as

   amended;

2) ordering Defendant GD to return its purchased 8.6667% shares or membership interest in

   Defendant 62-08 back to Plaintiff Wing88 or its members Plaintiff Chau and Plaintiff Shi

   upon ordering the Defendant Twrlar Tower LLC to return   at least a portion of its

   membership to Defendant 62-08 which includes at least Plaintiff Wing 88 Realty LLC'

   membership interest 8.6667% ;

3) issuing a declaratory judgment declaring that neither Defendant 8th Avenue Member LLC

   nor Defendant Twrlr Tower LLC is a good faith purchaser or transferee of the subject

18

interest in the Property for receiving the transfer of Plaintiff Wing 88' membership interests;

4) issuing a declaratory judgment declaring the alleged sale of Plaintiff Wing88 Realty, LLC's 9.4546% membership interest in the Property is null and void;

5) issuing an order directing that: Defendant Twrlr Tower LLC to return the 9.4546% member interest to Defendant 8th Avenue Member LLC and Defendant 8th Avenue Member returns 9.4546% member interest to Plaintiff Wing88 Realty LLC; or, alternatively, order that Twrlr Tower LLC issue 9.4546% membership interest to Plaintiff Wing88 while other member(s) of Defendant Twrlr remaining 90.5454% interest in the Property;

6) awarding Plaintiffs for all of their attorneys' fees, expense and other costs incurred in this case; and

7) granting such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 18, 2025
Queens, New York

*Respectfully Submitted,*
<u>/s/Kevin S. Wang</u>
Kevin S. Wang Esq.
WOOD, WANG & ASSOCIATES, PLLC
33-70 Prince St, Suite 703,
Flushing, NY, 11354
Tel: 347-851-7989
kwang@operr.com
*Attorney for Plaintiffs*

19

## VERIFICATION

I, WING FUNG CHAU, under the pains and penalties of perjury, depose and declare:

I am a resident of Queens County, State of New York, and I am one of the members of Plaintiff Wing88 Realty, LLC in charge of winding up its business or affairs to prosecute and defend suits since it was voluntarily dissolved, in the within action. On behalf of myself individually and on behalf of Plaintiff Wing88 Realty, LLC, I have read the foregoing Second Amended Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. I hereby swear that the foregoing is true and correct to my best knowledge under penalties of perjury.

_4/4/2025_
Date

_____
WING FUNG CHAU

State of _New York_
County of _Queens_

On this _18th_ day of _April 2025_, before me, the undersigned notary public, personally appeared _Wing Fung Chau_, a person known to me to be the person whose name is signed above, and swore or affirmed to me that his/her statements above are truthful and accurate to the best of his/her knowledge and belief.

_____
Signature of Notary Public
Notary Stamp

SHUO ZHANG
Notary Public, State of New York
Reg. No. 01ZH0033113
Qualified in Queens County
Commission Expires 01/23/2029

## VERIFICATION

I, XIU QIN SHI, under the pains and penalties of perjury, depose and declare:

I am a resident of Queens County, State of New York, and I am one of the members of Plaintiff Wing88 Realty, LLC in charge of winding up its business or affairs to prosecute and defend suits since it was voluntarily dissolved, in the within action. On behalf of myself individually and on behalf of Plaintiff Wing88 Realty, LLC, I have read the foregoing SecondAmended Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. I hereby swear that the foregoing is true and correct to my best knowledge under penalties of perjury.

4/18/2025

Date

XIU QIN SHI

State of New York
County of Queens

On this 18th day of April 2025, before me, the undersigned notary public, personally appeared Xiu Qin Shi, a person known to me to be the person whose name is signed above, and swore or affirmed to me that his/her statements above are truthful and accurate to the best of his/her knowledge and belief.

Signature of Notary Public
Notary Stamp

SHUO ZHANG
Notary Public, State of New York
Reg. No. 01ZH0033113
Qualified in Queens County
Commission Expires 01/23/2029